**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 21-3323, 22-1237

_____

UNITED STATES OF AMERICA

v.

KAREEM McCARGO,
a/k/a REEM,

                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1:19-cr-00080-001, 1:19-cr-00232-002)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 17, 2024

Before: JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: January 24, 2024)

_____

OPINION*

_____

_____

\*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

BIBAS, *Circuit Judge*.

In March 2018, Kareem McCargo sold an undercover police officer more than 30 grams of heroin. About seven months later, police stopped his car. He got out of the car, fled on foot, and threw away his keys. Police arrested him, got a search warrant, and seized eight guns from the car's trunk. No evidence ties the two crimes together.

McCargo pleaded guilty to each crime: possessing heroin with intent to distribute it and possessing a gun after having been convicted of a felony, in violation of 21 U.S.C. §841(a)(1), (b)(1)(C) and 18 U.S.C. §922(g)(1). For the drug crime, the parties agreed that his offense level (13) and criminal history category (IV) resulted in a recommended range of 24 to 30 months. For the gun crime, his offense level (25) and criminal history category (IV) resulted in a recommended range of 84 to 105 months. Because the parties agreed to group the two counts, the District Court applied the higher offense level (25) to both counts. U.S.S.G. §3D1.3.

McCargo neither objected to these calculations nor sought a downward departure. Rather, he asked for a downward variance. First, he said he had taken the guns to get them away from kids and turn them over to the authorities. Then, he claimed that he had not known that one of the guns had been stolen, so he asked the court not to weigh that aggravating factor too heavily against him. And finally, though he acknowledged his serious criminal history, he stressed his efforts to improve himself for his young daughter's sake.

The District Court declined to vary downward. Instead, it sentenced him to the top of the range: two concurrent sentences of 105 months' imprisonment followed by two concurrent terms of three years' supervised release. U.S.S.G. §5G1.2.

2

McCargo now appeals, challenging his sentence as substantively unreasonable. We review for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009). Because the sentence was within the Guidelines range, we may presume that it was reasonable. *United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022). That presumption holds true here.

McCargo says that he is no longer a wayward juvenile. He stresses that he committed his most serious crimes, selling cocaine and carjacking, more than two decades ago. But there is a simple explanation for that gap in time: he was in prison. There, he assaulted a guard. He later escaped but was caught. And after being paroled in 2017, he returned to prison until 2020 for possessing a gun. He committed the crimes of this conviction not as an impressionable youth, but as a 35-year-old. Judge Kugler reasonably found that nothing had deterred him and that he still poses a danger to the community.

McCargo also raises mitigating factors. He explains that his father had abused him and both parents had abandoned him by age 8. For years, he had bounced around foster homes before his grandmother took him in. While in prison, he had gotten a high school diploma and job training. And after getting out, he had taken community-college classes and mentored children. Now, he says, he has a young daughter and wants to take care of her. But the District Court heard all that evidence, specifically noting McCargo's daughter, his committed relationship with her mother, and his high-school diploma. Yet it reasonably found all that was outweighed by the severity of the current crimes and his prior record.

Finally, there is McCargo's excuse for possessing the guns: that he was trying to get them away from kids and turn them in to the police. He notes that several guns were

3

disassembled. And he says his explanation is undisputed. But the government did not have to put on evidence to dispute this tall tale, and the judge did not have to believe it. Indeed, Judge Kugler implicitly rejected it, finding that McCargo's recent history with both drugs and guns posed a danger to the public. He did not have to spell out the obvious. Because Judge Kugler reasonably stressed McCargo's serious crimes, his troubling criminal history, and the need to protect the public, we will affirm.